UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

DONNA DESAUTELS,
Plaintiff

v.

THE NOTRE DAME ACADEMY AT WORCESTER, INC., BARBARA BARRY, and CATHERINE WALDRON,
Defendants

Civil Action No. 17-40133

**VERIFIED COMPLAINT**

## PARTIES

1. The Plaintiff, Donna Desautels, is a natural person residing at 2 Spring Street, Spencer, Worcester County, Commonwealth of Massachusetts.

2. The Defendant, The Notre Dame Academy at Worcester, Inc., ("Notre Dame") is a private, female college-preparatory school organized under the laws of Massachusetts with a principal place of business at 425 Salisbury Street, City of Worcester, Worcester County, Commonwealth of Massachusetts.

3. The Defendant, Barbara Barry, is a natural person residing at 30 Jeffreys Neck Road, Ipswich, Essex County, Commonwealth of Massachusetts.

4. The Defendant, Catherine Waldron, is a natural person residing at 1520 Ralston Avenue, Belmont, San Mateo County, State of California.

## JURISDICTION

5. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 as the plaintiff's claims either arise under the laws of the United States or turn on substantial federal issues. To the extent that the plaintiff's claims do not arise under the laws of the United States or turn on substantial federal issues, they arise out of the same common nucleus of operative facts as those claims over which this Court has jurisdiction pursuant to 28 U.S.C. § 1331.

## FACTS COMMON TO ALL COUNTS

6. At all relevant times, Barbara Barry, SNDdeN was the President of The Notre Dame Academy at Worcester, Inc. and exercised significant operational control over the school.

7. At all relevant times, Catherine Waldron, SNDdeN was the Treasurer of The Notre Dame Academy at Worcester, Inc. and exercised significant operational control over the school.

8. The Plaintiff, Donna Desautels, ("Ms. Desautels") was hired as a "Plant Manager" by Notre Dame in 1995.

9. At all relevant times, Ms. Desautels worked for Notre Dame pursuant to one-year contracts that were renewed before the beginning of each school year. Ms. Desautels' contracts refer to the position of "Plant Manager" as an "exempt, professional position." True and accurate copies of Ms. Desautels' contracts for the 2015-2016 and 2016-2017 academic years are attached hereto as **Exhibit 1** and **Exhibit 2**.

10. Ms. Desautels was paid twice per month pursuant to an annual salary.

11. Throughout her employment as "Plant Manager," Ms. Desautels – who is unmarried and without children – typically arrived at Notre Dame by 3:30 a.m. and worked until 3:30 p.m. with a 30-45 minute lunch break.

12. During the 2016-2017 academic year, medical issues and appointments required Ms. Desautels to slightly reduce her hours and she typically left Notre Dame by 2:30 p.m.

13. Ms. Desautels worked most weekends to prepare for and clean up after school events and perform special projects requested by the administration. She was also on-call for any emergencies (for example, school alarms).

14. Ms. Desautels' day-to-day work was consumed by maintenance and janitorial work. She performed a daily maintenance routine with respect to school facilities that included checking the heat, lights, locks and alarms; collecting trash and recycling; vacuuming, cleaning, washing, waxing, mopping, and sweeping; distributing boxed deliveries; completing miscellaneous maintenance tasks requested by faculty and administration; attending to landscaping needs; and personally completing repairs as possible.

15. As needed, Ms. Desautels painted, plastered, and patched the interior and exterior of school buildings; ordered or picked up cleaning supplies and repair parts; contacted outside tradesmen for necessary repairs; and submitted order and repair invoices to the school.

16. Ms. Desautels had only one other co-worker who assisted with maintenance and janitorial services during her last three years of employment.

17. During the 2014-2015 and 2015-2016 academic years, Ms. Desautels worked approximately 70 hours per week.

18. During the 2016-2017 academic year, Ms. Desautels worked approximately 60 hours per week.

19. At no time did Ms. Desautels receive payment for hours worked over 40 each week.

20. Ms. Desautels was allowed 5 paid sick days and at least 10 paid vacation days per year, though she rarely took any time off from work.

21. The defendants falsely represented to Ms. Desautels that the nature of her work exempted her from applicable state and federal overtime laws.

22. On August 8, 2017, Ms. Desautels was informed that her position with Notre Dame was being eliminated effective immediately.

23. Ms. Desautels did not receive any accrued but unused vacation or sick time following her termination.

24. The plaintiff is not aware of any insurance proceeds available to satisfy any judgment in this matter.

**COUNT I**
**(v. The Notre Dame Academy at Worcester, Inc., Barbara Barry and Catherine Waldron)**
**STATUTORY VIOLATION OF 29 U.S.C. § 201 et seq.**
**(FAIR LABOR STANDARDS ACT – REGULAR WAGES)**

25. Plaintiff repeats and re-alleges Paragraphs 1-24 above and incorporates the same herein by reference.

26. The Defendants were statutorily obligated under federal law to pay the plaintiff her regular hourly rate for all hours worked in excess of 40 hours each week.

27. The Defendants knowingly and willfully failed or refused to pay the plaintiff her regular hourly rate (or any wages) for all hours worked in excess of 40 hours each week since September 14, 2014, in violation of 29 U.S.C. § 201 et seq.

28. As a result of the defendants' violation of 29 U.S.C. § 201 et seq., (FLSA) the plaintiff incurred estimated money damages of $864.71 each week between September 14, 2014 and September 1, 2016; and $577.00 per week between September 1, 2016 and August 10, 2017.

**COUNT II**
**(v. The Notre Dame Academy at Worcester, Inc., Barbara Barry and Catherine Waldron)**
**STATUTORY VIOLATION OF 29 U.S.C. § 201 et seq.**
**(FAIR LABOR STANDARDS ACT – MINIMUM WAGES)**

29. Plaintiff repeats and re-alleges Paragraphs 1-28 above and incorporates the same herein by reference.

30. The Defendants were statutorily obligated under federal law to pay the plaintiff, a non-exempt employee, the minimum wage of $7.25 for all hours worked each week.

31. The Defendants knowingly and willfully failed or refused to pay the plaintiff the minimum wage of $7.25 for hours worked in excess of 40 each week since September 14, 2014, in violation of 29 U.S.C. § 201 et seq.

32. As a result of the defendants' violation of 29 U.S.C. § 201 et seq., (FLSA) the plaintiff has incurred monetary damages.

**COUNT III**
**(v. The Notre Dame Academy at Worcester, Inc., Barbara Barry and Catherine Waldron)**
**STATUTORY VIOLATION OF 29 U.S.C. § 201 et seq.**
**(FAIR LABOR STANDARDS ACT – OVERTIME WAGES)**

33. Plaintiff repeats and re-alleges Paragraphs 1-32 above and incorporates the same herein by reference.

34. The Defendants were statutorily obligated under federal law to pay the plaintiff, a non-exempt employee, overtime wages at the required premium rate of one and a half times the plaintiff's regular hourly rate of compensation for all hours worked in excess of 40 hours each week.

35. The Defendants knowingly and willfully failed or refused to pay the plaintiff her overtime wages at the required premium rate of one and a half times the plaintiff's regular hourly rate of compensation for all hours worked in excess of 40 hours each week since September 14, 2014, in violation of 29 U.S.C. § 201 et seq.

36. As a result of the defendants' violation of 29 U.S.C. § 201 et seq., (FLSA) the plaintiff incurred estimated money damages of $432.30 per week between September 14, 2014 and September 1, 2016; and $288.20 per week between September 1, 2016 and August 10, 2017.

**COUNT IV**
**(v. The Notre Dame Academy at Worcester, Inc., Barbara Barry and Catherine Waldron)**
**STATUTORY VIOLATION OF M.G.L. c. 149 § 148**
**(REGULAR WAGES)**

37. The plaintiff hereby incorporates Paragraphs 1-36 above herein.

38. The Defendants were statutorily obligated under state law to pay the plaintiff her regular hourly rate for all hours worked in excess of 40 hours each week.

39. The Defendants knowingly and willfully failed or refused to pay the plaintiff her regular hourly rate for all hours worked in excess of 40 hours each week since September 14, 2014, in violation of M.G.L. c. 149 § 148.

40. As a result of the defendants' violation of M.G.L. c. 149 § 148, the plaintiff incurred estimated money damages of $864.71 each week between September 14, 2014 and September 1, 2016; and $577.00 per week between September 1, 2016 and August 10, 2017.

41. The plaintiff received timely authorization from the Office of the Massachusetts Attorney General to file this suit for unpaid wages under G.L. c. 149 § 148 and has satisfied all conditions precedent necessary for maintenance of her statutory claims. See **Exhibit 3**.

**COUNT V**
**(v. The Notre Dame Academy at Worcester, Inc., Barbara Barry and Catherine Waldron)**
**STATUTORY VIOLATION OF M.G.L. c. 151 § 1**
**(MINIMUM WAGES)**

42. Plaintiff repeats and re-alleges Paragraphs 1-41 above and incorporates the same herein by reference.

43. The Defendants were statutorily obligated under federal law to pay the plaintiff, a non-exempt employee, the minimum wage of between $9.00 and $11.00 for all hours worked each week during the relevant time period.

44. The Defendants knowingly and willfully failed or refused to pay the plaintiff the minimum wage in force at all relevant times for hours worked in excess of 40 each week since September 14, 2014, in violation of M.G.L. c. 151 § 1.

45. As a result of the defendants' violation of M.G.L. c. 151 § 1, the plaintiff has incurred monetary damages.

**COUNT VI**
**(v. The Notre Dame Academy at Worcester, Inc., Barbara Barry and Catherine Waldron)**
**STATUTORY VIOLATION OF M.G.L. c. 149 § 148**
**(NON-PAYMENT OF OVERTIME WAGES DUE UNDER FEDERAL LAW)**

46. Plaintiff repeats and re-alleges Paragraphs 1-45 above and incorporates the same herein by reference.

47. The Defendants were statutorily obligated under state law to pay the plaintiff, a non-exempt employee, overtime wages at the premium rate of one and a half times the plaintiff's regular hourly rate of compensation required under federal law for all hours worked in excess of 40 hours each week.

48. The Defendants knowingly and willfully failed or refused to pay the plaintiff her overtime wages at the required premium rate of one and a half times the plaintiff's regular hourly rate of compensation for all hours worked in excess of 40 hours each week since September 14, 2014, in violation of 29 U.S.C. § 201 et seq. and M.G.L. c. 149 § 148.

49. As a result of the defendants' violation of 29 U.S.C. § 201 et seq. and M.G.L. c. 149 § 148 the plaintiff incurred estimated money damages of $432.30 each week between September 14, 2014 and September 1, 2016; and $288.20 per week between September 1, 2016 and August 10, 2017.

50. The plaintiff received timely authorization from the Office of the Massachusetts Attorney General to file this suit for unpaid wages under G.L. c. 149 § 148 and has satisfied all conditions precedent necessary for maintenance of her statutory claims. See **Exhibit 3**.

**COUNT VII**
**(v. The Notre Dame Academy at Worcester, Inc., Barbara Barry and Catherine Waldron)**
**STATUTORY VIOLATION OF M.G.L. c. 149 § 148**

51. Plaintiff repeats and re-alleges Paragraphs 1-50 above and incorporates the same herein by reference.

52. Defendants verbally agreed to provide the plaintiff and other employees a certain number of paid vacation days each year.

53. Plaintiff's accrued vacation hours were due and payable on the date of her termination.

54. The defendants knowingly and willfully failed and refused to pay the plaintiff her accrued vacation hours after her termination, in violation of M.G.L. c. 149 § 148.

55. As a result of the defendants' actions, the plaintiff has suffered monetary damages.

56. The plaintiff received timely authorization from the Office of the Massachusetts Attorney General to file this suit for unpaid wages under G.L. c. 149 § 148 and has satisfied all conditions precedent necessary for maintenance of her statutory claims. See **Exhibit 3**.

**<u>DEMAND FOR JUDGMENT</u>**

[CONTINUED ON NEXT PAGE]

WHEREFORE, the Plaintiff, DONNA DESAUTELS, prays that this Court (1) enter judgment in her favor against the defendants, THE NOTRE DAME ACADEMY AT WORCESTER, INC., BARBARA BARRY and CATHERINE WALDRON on Counts I-VII, (2) award those damages established by the Plaintiff under Counts I-VII, plus interest and costs, (3) award treble damages and reasonable attorney's fees under Counts IV - VII pursuant to M.G.L. c. 149 § 150; (4) award double damages and reasonable attorney's fees damages under Counts I, II and III pursuant to 29 U.S.C. § 216; and (5) award all other relief as this Honorable Court finds fair and equitable.

RESPECTFULLY SUBMITTED
DONNA DESAUTELS,
By Her Attorney,

*/s/ Ryan P. Avery*

Ryan P. Avery
BBO#679233
MIRAGEAS & AVERY, LLC
300 East Main Street Suite 201
Milford, MA 01757
(508) 381-0499
Ravery@mirageas.com

Dated: October 10, 2017

VERIFICATION

I, DONNA DESAUTELS, have read the attached Verified Complaint and hereby certify that the facts and allegations therein are true and correct of my own personal knowledge, information, and belief, and if based on information and belief, are believed to be true and correct.

Signed under the pains and penalties of perjury this 10th day of October 2017.

Donna Desautels

DONNA DESAUTELS